UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ANTONIO FUENTES (A# 095-031-441),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03351 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner was, at the time this case was filed, a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241 raising a Fifth Amendment due process challenge to his ongoing immigration detention without bond. The assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

On May 28, 2026, the District Judge Coggins granted Petitioner's motion for temporary restraining order ("TRO") in part and ordered Respondents to provide Petitioner with a bond hearing before an immigration judge at which the Government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence. ECF No. 10. Judge Coggins denied the TRO as to Petitioner's request for immediate release and referred the matter to the undersigned for further proceedings. Id.

On November 3, 2026, the undersigned ordered the parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order," and notified that parties that the § 2241 petition will be deemed submitted on the papers pursuant to Local Rule 230(*l*). ECF No. 11. Neither party responded to the order. (Deputy Clerk SH) (Entered: 11/03/2026)

**II. Analysis**

The outcome of the court-ordered bond hearing is not in the record. However, the undersigned presumes that Petitioner was granted release on bond given that he does not appear in U.S. Immigration and Customs Enforcement ("ICE") Online Detainee Locator System, https://locator.ice.gov/odls/#/search. Petitioner's apparent release from detention triggers the Court's "independent duty to consider" mootness sua sponte. Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004). "Whether Petitioner's receipt of a bond hearing and subsequent release from custody causes his . . . Petition to be moot depends on whether the request and Petition continue to present a case or controversy under Article III, § 2 of the United States Constitution." Carballo v. Semaia, 824 F. Supp. 3d 1016, 1021 (C.D. Cal. 2026).

The undersigned finds that this case continues to present a live case or controversy because Petitioner faces a real and immediate threat of unlawful re-detention absent further relief from this Court. Petitioner's A-file records show that he was admitted into the United States on or about September 8, 2024, as a nonimmigrant with Temporary Protected Status ("TPS") through September 7, 2025. ECF No. 8-1 at 1 (Notice to Appear, Mar. 29, 2026). "[C]ourts have found that TPS confers a liberty interest in being free from detention that is afforded procedural due process protection," noting that a "petitioner's receipt of TPS reflects a prior determination that he was not flight risk or a danger to the community." Charisme v. Chestnut, No. 1:26-cv-6595-DC-JDP, 2026 WL 2676878, at *4 (E.D. Cal. Sept. 11, 2026") (collecting cases), report and recommendation adopted, No. 1:26-CV-06595-DC-JDP (HC), 2026 WL 3015565 (E.D. Cal. Oct. 7, 2026); see also Lopez v. Warden, Cent. Valley Annex Det. Facility, No. 1:26-CV-04962-DJC-SCR, 2026 WL 3415015, at *1 (E.D. Cal. Nov. 10, 2026) (similarly finding that the petitioner, whose TPS status had expired, retained a protected liberty interest). Consistent with these

rulings, Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process.

Accordingly, this case is not moot because the Court's TRO relief did not address the imminent threat of Petitioner's re-arrest without pre-deprivation notice and hearing.[1] For instance, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court reviewed class action claims for bond hearings brought by noncitizens subject to mandatory detention under 8 U.S.C. § 1226(c). The Court rejected the government's argument that the release of a named plaintiff on bond following a preliminary injunction in a separate case mooted the action. "Unless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." Nielsen, 586 U.S. at 403.

Moreover, in Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit deemed moot the petition of an individual formerly detained in immigration detention based on the fact that immigration officials had both voluntarily released the petitioner from custody in response to the petition and had submitted a sworn declaration attesting that the petitioner, absent certain changed circumstances, would remain on parole. 930 F.2d at 776. By contrast, Respondents here make no such assurances. In fact, in their TRO opposition, Respondents argued that Petitioner's TPS status, unlike the discretionary releases from immigration detention at issue in Selis Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), does not confer a protected liberty interest that triggers constitutionally adequate, pre-deprivation procedures. ECF No. 8 at 4.

"Thus, in the absence of any representation to the contrary, the Court does not find that the alleged wrong—Petitioner's re-detention without a pre-deprivation hearing—will not reoccur." Carballo, 824 F. Supp. 3d at 1022 (granting § 2241 petition and issuing permanent injunction after previously ordering a bond hearing as TRO relief); see also L.S. v. Santacruz, No.

[1] Although the petition requested release or, in the alternative, a constitutionally adequate bond hearing, ECF No. 1 at 18, the undersigned construes its separate request for "further relief as the Court deems just and proper" to encompass the permanent injunction discussed herein.

5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."). For these reasons, the undersigned recommends that the petition be granted and that a permanent injunction issue prohibiting Petitioner's re-detention by immigration officials absent certain constitutional protections.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is GRANTED; and

2. Petitioner's motion to appoint counsel is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (ECF No. 1) be GRANTED.

2. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

3. Respondent's motion to dismiss (ECF No. 8) be DENIED.

4. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE